JOHN JAY, RECEIVER, APPELLANT *v.* WM. H. DE GROOT AND OTHERS, RESPONDENTS.

*Foreign insurance companies — effect of failure of, to comply with State laws — when estopped from setting up such failure — Decision of motion — effect of — who bound by.*

Where the receiver of an insurance company, dissolved by an order of the court, entered into a contract in the State of New Jersey with a foreign insurance company, for the reinsurance of the outstanding risks of the dissolved company, which contract was ratified and approved by an order of the court; *held* that the foreign company would be estopped from alleging, in its own defense, that the contract was made in violation of the laws of this State, relating to foreign insurance companies; and that, as it would be liable upon the contract, it was entitled to insist upon its fulfillment upon the part of the receiver.

Where the court allows any person to appear and be heard upon the argument of a motion, in the decision of which he is interested, such hearing is as effectual as though such person had received notice of the motion, and had been named as a formal party to it; and he is fully concluded by the disposition which the court may make of such motion.

APPEAL from an order denying a motion to enter judgment for a deficiency arising on the sale of certain mortgaged property.

The Mechanics' Insurance Company of New York, was dissolved by an order of this court, December 7th, 1855, and the plaintiff appointed as receiver, with directions to reinsure the outstanding risks of the company, and, in default of cash to pay for such reinsurance, to assign certain assets of the company in payment thereof. The receiver made such a reinsurance with the Equitable Fire Insurance Company of London, and specifically assigned, among other assets, a bond and mortgage of William H. and Theodore R. B. De Groot for $3,000, as security, and the assignment was confirmed by this court.

This assignment was known, at the time of its making, to the said mortgagors and Alex. McCotter and other directors of the late company; and the assignment contained a clause, that, at any time that it might elect, the Equitable Insurance Company should have absolute possession of the said bond and mortgage, but in the meanwhile the receiver should collect it and pay over the proceeds. The Equitable Insurance Company now demands the absolute

assignment by the receiver of the said bond and mortgage, and of the decree entered in this action on the foreclosure thereof by the receiver, with the power of entering and collecting the judgment for deficiency which is due thereon for $2,111.

Objection is made to this claim of the Equitable Insurance Company by the defendants in this suit, who were the original mortgagors, on the allegation that after the reinsurance and the assignment, and during the pendency of the said foreclosure, the receiver made some agreement with the mortgagors, by which, if they would cause to be paid some claims against the late company, he would desist from the further prosecution of this suit.

Other facts are stated in the opinion.

*Charles E. Whitehead,* for the appellant.

*Levi S. Chatfield,* for the respondents.

DANIELS, J. :

Upon the merits of the case, as they are shown by the affidavits, no good reason appears why judgment for the deficiency, arising on the foreclosure sale of the mortgaged property, should not be entered. For as the contracts for reinsurance, for the payment of the premiums of which the mortgage was assigned to the Equitable Insurance Company of London, were made in New Jersey, and ratified and approved by the court, that company would have been estopped from alleging in its own defense, that they were made in violation of the laws of the State of New York, concerning foreign insurance companies. Consequently, it would have been liable upon them, even if they were in form made in New Jersey in order to evade the requirements of the laws of this State.

The fact that they were so made, could not have been shown for the purpose of securing its own immunity from liability by that company. For that reason, it had a right to require payment of the stipulated premiums, after the securities for that purpose had been assigned and delivered to it. And that right could not be defeated by the unauthorized and unwarranted agreement made between the receiver, from whom the securities were acquired, and the debtors liable for their payment.

But it appears from the motion papers returned upon the appeal, that judgment for the deficiency was at one time entered by virtue of the order of the court, made on confirmation of the report of sale. Afterward, that judgment was set aside on the defendants' motion, and the order setting it aside was affirmed on appeal by the General Term. On the argument of that motion, Mr. Chatfield swears that Mr. Whitehead was heard, both for the receiver and also for the Equitable Insurance Company of London, and used an affidavit made by Holbrook, the agent of the latter, in opposition to it. De Groot swears to the same thing, and also to the further fact, that the company appeared by its attorney, and was heard at the General Term, on the appeal taken from the order, setting aside the judgment.

Darling, to a slight extent, corroborates these statements by the fact sworn to by him, that the plaintiff used, in opposing that motion, an affidavit made by Holbrook. And that it was so opposed by the company is only denied by Holbrook. But while he denied it, he stated the further fact, which throws some slight doubt upon the effect of the denial, that he requested his attorney to obtain a rehearing of the motion, so that he might present the facts of the case to the court, but the application for the rehearing was denied. Upon these affidavits, the preponderance as to the fact, is decidedly against the present motion; so much so, that it must be now assumed, that both the plaintiff and the Equitable Insurance Company of London, were heard in opposition to the motion, made to set aside the judgment which had been entered for the deficiency.

And, on that hearing, all the facts could have been shown, for anything now appearing to the contrary, just as well as the single affidavit made by Mr. Holbrook.

There must have been an opportunity for a full and complete hearing, as long as the insurance company was allowed to be heard at all. And it was its own fault if it neglected to show anything, then existing, which would have constituted either a legal or equitable answer to the motion. This hearing was as effectual as though the company had received notice of the motion, and had been named as a formal party to it, for the only object of those forms is, to secure to the party, an opportunity to be heard in a proceeding taken to affect his rights. And that was fully secured by the oppor-

tunity which was given to the company, and made use of by it, not only to produce affidavits and be heard on the motion itself, but afterward, also, on the argument of the appeal taken from the order, made when the motion was decided.

This made the company an actual party to the motion, with all the advantages, as well as the disabilities, resulting from that relation to it. Among the latter is the circumstance, that a motion once decided, is ordinarily final on the matters involved, unless leave be given or obtained, to present the same matter afterward, for reconsideration and decision. This was held to be the effect of such a proceeding in *Dwight* v. *St. John.**[*]** And the company, having, and also availing itself of, the opportunity to be heard as a party to it, is fully concluded by the disposition which was then made of the judgment now desired to be entered again.[†]

The order appealed from was rightly made, and it should be affirmed with ten dollars costs, besides disbursements on the appeal.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed.

---

[*] 25 N. Y., 203.        [†] Castle v. Noyes, 4 Kernan, 329.